Estate of Elsie D. Rothschild, Deceased, Maurice A. Frankenthal and Mercantile-Commerce Bank and Trust Co., Executors v. Commissioner.
Estate of Rothschild v. Commissioner
Docket No. 1058.
United States Tax Court
1944 Tax Ct. Memo LEXIS 370; 3 T.C.M. (CCH) 143; T.C.M. (RIA) 44042; February 16, 1944
*370 Stanley S. Waite, Esq., 408 Pine St., St. Louis, Mo., for the petitioners. J. E. Marshall, Esq., for the respondent. KERN Memorandum Findings of Fact and Opinion The respondent has determined a deficiency in estate taxes against the estate of the decedent in the sum of $6,352.32, practically all of which deficiency results from the inclusion by respondent in the gross estate of decedent of the value at the date of her death of property transferred by her to an irrevocable trust which she created in 1928, by the terms of which she was to be paid the trust income for life and after her death the corpus was to be distributed to certain of her nieces and nephews. Findings of Fact The parties have filed herein a complete stipulation of facts. We find the facts to be as stipulated and incorporate the stipulation and attached exhibits herein by reference. They may be summarized as follows: Elsie D. Rothschild, who died at St. Louis, Mo., November 13, 1940, was the unmarried sister of Solomon A. and Morris H. Rothschild, both of whom survived her. Another brother, Jacob S. Rothschild, a resident of St. Louis County, Mo., died testate May 9, 1927. A sister, Florence R. Braudy, nee Rothschild, *371 predeceased her and left surviving her (Florence) two daughters, Essie Braudy Lowenstein and Ruth Braudy Victor. The nieces likewise survived Elsie D. Rothschild, as did the two children of her brother Solomon and the three children of her brother Morris H. Rothschild. Jacob S. Rothschild, by his will, after providing for the payment of his debts and expenses incidental to death and burial, bequeathed to his brothers, Solomon A. and Morris H., $1,000 each. To his sister Elsie he left his personal effects and the remainder of his property without limitation or charge upon the unconditional title thereto. This residuary legacy represented a substantial sum. The brothers who survived Jacob S. Rothschild were dissatisfied with their portion of the estate and charged the sister Elsie with unduly influencing him in making his will. They charged, moreover, that Jacob was mentally incompetent when he made the will. The brothers threatened to contest it on these grounds. An oral agreement was reached, however, prior to the expiration of the time allowed by law to contest the will, which agreement was carried into effect by Elsie Rothschild three days prior to the elapsing of the time in which *372 a caveat could be filed. By the oral agreement, Solomon A. and Morris H. Rothschild were not to file a claim against the estate of Jacob S. Rothschild nor to contest the will. Elsie D. Rothschild agreed to execute a trust. The corpus of the trust was to consist of two-thirds of the property received by her under the will, the income for life to be reserved to Elsie D. Rothschild, and the corpus to be distributed equally per stirpes at her death to the children of Solomon A. and Morris H. Rothschild. A trust indenture was executed May 15, 1928, the pertinent parts of which are as follows: "THIS AGREEMENT made and entered into this 15th day of May, A.D. 1928, by and between ELSIE D. ROTHSCHILD, now residing in St. Louis County, Missouri, Party of the First Part, hereinafter called the 'Grantor', and the MERCANTILE TRUST COMPANY, a corporation of the City of St. Louis, Missouri, Party of the Second Part, hereinafter called the 'Trustee'; WITNESSETH; "WHEREAS, the Grantor is named as the residuary legatee under Item Five of the will of her brother, Jacob S. Rothschild, who died on the 9th day of May, 1927, and whose will was probated on the 18th day of May, 1927, and whose estate *373 has not been finally settled by the Executors; and "WHEREAS, it is the intention of the Grantor to pay over, deliver and convey unto the Trustee an undivided two-thirds (2/3) interest in the net residue of the Estate of Jacob S. Rothschild, after the payment of all debts, administration and distribution expenses, and special legacies provided for in said will, and transfer taxes, estate taxes and inheritance taxes, whether assessed against the residuary estate or assessed against and paid by the respective legatees; and * * * * *
"WHEREAS, the Grantor has this day and coincident with the delivery hereof, delivered to the Trustee an assignment covering the legal title to her right, title and interest in and to said undivided two-thirds (2/3) interest in the said net residue (as above defined) of the estate of Jacob S. Rothschild, which assignment is hereto attached, marked 'Exhibit A', and made a part hereof, which interest in said net residue is intended to constitute the corpus of the trust estate hereby created; * * * * *
"(2) For the purpose of dividing the residuary estate of Jacob S. Rothschild into the one-third (1/3) portion to which the Grantor is entitled and reserves *374 unto herself, and the two-thirds (2/3) which will form the corpus of this trust estate, the Grantor authorizes the Trustee to agree with the Executors under the will of Jacob S. Rothschild to arrange for a division or distribution of the portions of the residuary estate by setting apart the securities into groups in as near one-third (1/3) and two-thirds (2/3) portions as possible, whether in kind, in cash or otherwise, with power to convert any of the securities into cash for said purpose, and the judgment of the Trustee concerning the values, for the purpose of such division or distribution of the property or securities, shall be binding and conclusive on all of the beneficiaries herein. Before making such distribution there is reserved and shall be paid to the Grantor all of the net income accrued to the Estate of Jacob S. Rothschild during the administration of the estate by the Executors, and until the distribution of the residuary estate into one-third (1/3) and two-thirds (2/3) portions as elsewhere herein provided. "(3) After paying the necessary charges and expenses incurred in the management of the trust estate, the Trustee shall pay over the net income and revenue derived *375 therefrom, in monthly installments, unto the Grantor, for and during the period of her natural life. "(4) Upon the death of the Grantor the Trustee shall pay, in equal shares, unto Essie R. Braudy and Ruth Jean Braudy, children of Samuel G. Braudy, of Chicago, Illinois, or the survivor of them, the sum of Two Thousand Dollars ($2,000), and divide the rest of the trust estate into two (2) equal parts, and shall pay over, deliver and convey one (1) of said equal parts unto Elsie F. Rothschild and Albert B. Rothschild, children of the Grantor's brother, Solomon A. Rothschild, in equal shares, and the other of said equal parts unto Margaret F. Rothschild, Sarah Ann Rothschild and Albert Rothschild, children of the Grantor's brother, Morris H. Rothschild, in equal shares; provided, always, however, that if any of said nieces and nephews are minors, then the shares of such minors shall be retained by the Trustee, and the income from the respective shares expended for the maintenance, education and support of the respective minors, until they, respectively, attain the age of twenty-one (21) years, when their shares of the principal of the trust shall be paid over, delivered and conveyed *376 unto them. "(5) In the event any of the Grantor's said nieces or nephews predecease her, leaving descendants surviving, then the share of the trust estate of such deceased nephew or niece shall be paid over, delivered and conveyed unto his or her descendants, in equal shares per stirpes. "(6) In the event of the death of any of the Grantor's said nieces or nephews, before the Grantor's death, leaving no descendants surviving, then the share of the trust estate of such deceased niece or nephew shall be paid over, delivered and conveyed, in equal shares, unto its surviving sisters or brother, as the case may be, or unto his or her descendants, in equal shares per stirpes. "(7) In the event of the death of any of the Grantor's said nieces or nephews, before the Grantor's death, leaving neither descendants nor a brother nor sister surviving, then the share of the trust estate of such deceased niece or nephew shall be divided, in equal shares, among the Grantor's above named surviving nieces and nephews, and the descendants of any who may have previously died, in equal shares per stirpes. * * * * *
"(9) In the event any one contests the will of the Grantor's brother, *377 Jacob S. Rothschild, who died May 9, 1927, or seeks to set it aside or alter it in any manner whatsoever, either by suit or any other proceeding, either at law or in equity, then this trust agreement shall be null and void, and the Trustee shall thereupon pay over, deliver and convey unto the Grantor the entire trust estate then in its hands. "(10) The Trustee shall treat all extraordinary cash and stock dividends as entirely income, in order that the beneficiaries of the trust may enjoy the full amount of income, regardless of the fact that such dividends might possibly encroach upon the principal of the trust. "(11) The Trustee shall have the power to determine whether any money or property coming into its hands shall be considered part of the principal of said trust estate or a part of the income therefrom, and to apportion between such principal and income any loss or expenditure in connection with such trust estate, which in its opinion should be apportioned, and as to it may seem just and equitable. "(12) The trust herein created is irrevocable and not subject to annulment by the Grantor, or otherwise, except as provided in clause ten [sic] hereof." No will contest was filed, *378 nor was the above trust indenture brought to the attention of the probate court, which court ordered that the residuary estate of Jacob S. Rothschild be distributed to Elsie D. Rothschild in accordance with the terms of the former's will. A signed receipt for the property was filed by her with the probate court. Because of this settlement of the threatened will contest and the trust executed by Elsie D. Rothschild on May 15, 1928, the property, valued at $58,026.04, which was included in the trust, was delivered by the executors under the will of Jacob S. Rothschild, directly to the Mercantile-Commerce Bank & Trust Co. which company was named as trustee in the trust of May 15, 1928, to be held by it under the trust provisions. Opinion KERN, Judge: Respondent has determined that decedent's transfer of property to the trust described in our findings was made in contemplation of death, and that it was intended to take effect in possession or enjoyment at her death, and therefore, the property so transferred is to be included in decedent's gross estate under the provisions of section 302(c), Revenue Act of 1936. On brief respondent contends that the reservation to the decedent-grantor *379 of the trust income for life brings the case within the doctrine of , which latter case is viewed by respondent as in effect overruling . Respondent also contends that the primary purpose of the trust was to effect a disposition of decedent's property to her nieces and nephews upon her death, was testamentary in character, and therefore, regardless of the applicability of the Hallock case or the May case, the transfer was in contemplation of death. Petitioners not only contend that section 302(c) is not applicable, but also contend that in effect the beneficiaries under the trust took whatever interests they had in the trust corpus as heirs of Jacob S. Rothschild by virtue of the oral agreement by which the threatened suit to contest his will was settled, and not by any transfer made by decedent, citing . We are of the opinion that the transfer of property by decedent to the trust in question was not made in contemplation of death nor intended to take effect in use and enjoyment at or after *380 decedent's death. The transfer having been made prior to March 3, 1931, the reservation to the decedentgrantor of the trust income during her life did not bring the transfer within the purview of section 302(c). . . Respondent's contention that the transfer was so essentially testamentary in nature as to be a transfer in contemplation of death must likewise be rejected. Respondent in this connection argues that the situation is similar to one in which a settlor creates a trust for the benefit of his children and grandchildren for the sole purpose of preventing a second wife from sharing in the property given to the trust upon the settlor's death. We do not agree. In the instant case, regardless of certain verbiage contained in the trust instrument, we are convinced that the settlor's dominant motive in creating the trust was not to provide for her nieces and nephews at her death, but rather to avoid any risk of losing any part of the property bequeathed to her by her brother Jacob and to guarantee *381 to herself the full income from the property during her life. Only in order to accomplish these purposes, did she create the trust in question. Therefore, her motives in making the transfer of property to the trust were connected with life, and not death. Having thus decided against respondent upon the question of whether section 302 (c) is applicable to the facts of the instant case, it is unnecessary to consider petitioner's contention that the beneficiaries of the trust derived their interest therein directly from their Uncle Jacob as his heirs. Decision will be entered under Rule 50.